UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BERNARD KAIRIS, 05-B-1065,

        Petitioner,

        -v-                                 07-CV-6622(MAT)
                                                   **ORDER**
SUPERINTENDENT T. POOLE,
Five Points Correctional Facility,

        Respondent.
_____

## I. Introduction

*Pro se* petitioner Bernard Kairis ("petitioner") filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Ontario County Court of Grand Larceny in the Fourth Degree (Penal Law § 155.30(1)) and Possession of Burglar's Tools (Penal Law § 140.35) following a jury trial before Judge James R. Harvey. Petitioner was sentenced as a persistent felony offender to nineteen years to life imprisonment.

## II. Habeas Proceedings

Petitioner filed the instant petition on December 13, 2007, alleging five grounds for habeas relief: (1) New York's persistent felony offender statute violates the Sixth Amendment right to a jury trial; (2) petitioner was denied the effective assistance of counsel; (3) petitioner was denied due process when the trial court did not suppress a highly suggestive identification procedure; (4) the Appellate Division refused to review the trial court's

Sandoval ruling; and (5) the prosecution failed to turn over Rosario/Brady material. See Petition ("Pet.") ¶ 22(A)-(E) & Attach (Dkt.#1).

Petitioner then moved for leave to proceed *in forma pauperis* (Dkt.## 2, 3), an extension of time to respond and for his state court proceeding transcripts (Dkt.# 14), and for the appointment of counsel and a hearing (Dkt.# 17). Petitioner's motions were resolved by the Court at various stages in the proceedings with the exception of petitioner's motions to proceed as a poor person.

On April 13, 2010, the respondent submitted a letter requesting that the Court hold the habeas petition in abeyance until the Second Circuit issued a decision for a petition for rehearing *en banc* in the case of Besser v. Walsh, 601 F.3d 163, 189 (2d Cir. 2010).[1] Even if the Court were to consider respondent's letter as a motion to stay the proceedings, a stay is unnecessary at this point because the instant petition has become moot as a result of petitioner's death, as discussed below.

**III. Mootness**

On January 20, 2011, the Court received information indicating that petitioner had died on June 17, 2010. See New York DOCS Inmate Lookup Service, http://nysdocslookup.docs.state.ny.us, DIN No. 05-

---

[1] The Besser Court held that New York's persistent felony offender statute, under which the petitioner was sentenced, violated the rule of Apprendi v. New Jersey, 530 U.S. 466 (2000) and the Sixth Amendment right to a jury trial. 601 F.3d 163. The matter was reheard *en banc*, and, in a 7-3 decision, was vacated by Second Circuit on October 18, 2010. Portalatin v. Graham, 624 F.3d 69, 73 (2d Cir. 2010).

B-1065. Respondent did not notify the Court at the time of petitioner's death. Because the only relief petitioner sought in his habeas petition was release from state custody on the basis that his conviction was obtained unconstitutionally, his death renders his petition for writ of habeas corpus moot because there is no longer relief that this Court can grant to him. See Thomas v. Zon, No. 04-CV-0471(VEB), 2009 WL 605231, *1 (W.D.N.Y. March 6, 2009) (citing Calderon v. Moore, 518 U.S. 149, 150 (1996); Garceau v. Woodard, 399 F.3d 1101, 1101 (9th Cir. 2005) (dismissing 28 U.S.C. § 2254 habeas petition as moot where petitioner died while in custody); Griffey v. Lindsey, 349 F.3d 1157. 1157 (9th Cir. 2003) (same); Rivera v. Pearlman, No. 02 Civ. 2399(LAK), 2004 WL 533333, at *1 (S.D.N.Y. Mar.16, 2004) (dismissing habeas petition brought under 28 U.S.C. § 2241(c) where petitioner died after he filed the petition; petition was mooted since there was no relief that could be granted to him)). Accordingly, petitioner's habeas corpus petition must be dismissed as moot.

Additionally, in light of this Court's dismissal of the habeas petition, petitioner's pending motions for leave to proceed *in forma pauperis* (Dkt.## 2, 3) are also denied as moot.

**IV. Conclusion**

For the reasons stated above, petitioner Bernard Kairis' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is moot because the petitioner is deceased. Accordingly, it is

dismissed. A certificate of appealability shall not issue See 28 U.S.C. § 2253(c).

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     January 25, 2011
           Rochester, New York